UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARIO GIRON,
                Plaintiff,

v.

AUTO PERFECTION GROUP INC. and
DANIEL MAYA,
                Defendants.
--------------------------------------------------------------x

**ORDER**

19 CV 5922 (VB)

Plaintiff commenced this action on June 24, 2019 (Doc. #1), and a summons was issued as to defendants Auto Perfection Group Inc. and Daniel Maya, on June 25, 2019 (Doc. #4). Plaintiff failed to file proof of service on the docket within ninety days, as required under Fed. R. Civ. P. 4(m). (See Doc. #5). On October 23, 2019, plaintiff's counsel filed a letter asserting he had served defendants but there were delays in obtaining proofs of service (Doc. #10). Plaintiff's counsel also filed a purported answer on Maya's behalf as an attachment to the letter (Doc. #10-1), which the Court rejected because plaintiff is not permitted to file an answer on defendants' behalf (Doc. #11).

Rather than dismiss the case, the Court extended to November 8, 2019, plaintiff's time to file proof of service on the docket. (Doc. #11). Plaintiff's counsel filed proof of service on defendant Auto Perfection Group Inc. on November 8, 2019 (Doc. #13), but did not file proof of service as to defendant Daniel Maya. However, plaintiff's counsel filed a letter stating he had attempted service on Maya and requested an additional thirty days to serve Maya. (Doc. #14). Plaintiff's counsel attached a document titled, "Affidavit of Attempted Service/Due Diligence" to the letter. (Doc. #14-1).

On November 12, 2019, before the Court could issue an Order in response to plaintiff's request for additional time to serve Maya, plaintiff filed a notice of settlement. (Doc. #15). The

1

Court thus ordered the parties to submit by December 16, 2019, the settlement agreement for the Court's approval, as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (Doc. #16). The Court also adjourned plaintiff's time to file proof of service as to the summons and complaint on defendant Maya and all other deadlines sine die. (Id.).

The parties failed to file a settlement agreement by December 16, 2019. Thus, the Court sua sponte extended their time to do so to January 6, 2020. (Doc. #17).

On January 6, 2020, plaintiff's counsel filed a "Motion for Settlement Approval, etc." (Doc. #18). In that motion, plaintiff's counsel recounted correspondence with opposing counsel in which defense counsel purportedly agreed to settle plaintiff's claims but subsequently reneged, allegedly stating, "there was never a settlement agreement or mutual settlement. I will not be taking any further action at this time." (Doc. #18 at 2). Plaintiff requests the Court nonetheless approve the purported settlement agreement attached to his motion, which defendant has not signed.

Plaintiff's motion is DENIED WITHOUT PREJUDICE. First, defendants have not signed the settlement agreement. Second, plaintiff's counsel has not submitted any evidence of opposing counsel's emails, including a sworn declaration or copies of the emails. In other words, plaintiff's counsel asks the Court to rely on his unsworn say-so. And third, defendants have not appeared in this case. Defendant has filed proof of service as to defendant Auto Perfection Group, indicating that defendant may be in default. However, plaintiff has not filed any proof of service on Maya.

However, even if plaintiff had filed proof of service on Maya, the Court would not yet order plaintiff to proceed by means of a motion for default judgment. "Before a court grants a

2

motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 133 (2d Cir. 2011).

The Court is not assured it has personal jurisdiction over defendants. In plaintiff's complaint, plaintiff stated, "Upon information and belief, Defendants shared a place of business in Rockland County, New York, at 200 Oritani Drive, Blauvel [sic], NY 10913, where Plaintiff was employed." (Doc. #1 ¶ 11). However, plaintiff did not provide the name of that business, and has provided no information regarding that business subsequently.

Moreover, several of plaintiff's own filings indicate defendant Maya and Auto Perfection Group Inc. are located in New Jersey. The so-called answer attached to plaintiff's October 23, 2019, letter, supposedly signed by defendant Maya, states, "Defendant further asserts that Auto Perfection Group Inc. is located at 400 High Street, Hackettstown, New Jersey." (Doc. #10-1). Likewise, plaintiff served defendants a copy of the Court's October 25, 2019, Order (pursuant to that Order) at 400 High Street, Hackettstown, NJ 07840. (Doc. #12). The affidavit of attempted service attached to plaintiff's November 8, 2019, letter requesting additional time to serve Maya also states the manager of Lithia Autogroup, the occupant of 200 Oritani Drive, Blauvelt, NY 10913—the address of the business alleged in plaintiff's complaint to share a place of business with defendants—"did not know defendant." (Doc. #14-1). Finally, although plaintiff filed an affidavit of service through the New York secretary of state on Auto Perfection Group, Inc. (Doc. #13), no such company appears in the NYS Department of State Division of Corporations online database. (See Dep't of State, Division of Corporations, State Records & UCC, Search the Corporation & Business Entity Database, https://www.dos.ny.gov/corps/bus_entity_search.html).[1]

---

[1] A company named "Perfection Auto Group LLC" appears in the database, but there is no indication that is the same company intended to be sued in this case.

3

## CONCLUSION

Accordingly, by January 21, 2020, plaintiff shall file a letter, with any documentary evidence attached as exhibits, explaining plaintiff's basis for personal jurisdiction over defendants. If plaintiff provides a sufficient basis for the Court to exercise personal jurisdiction over defendants, the Court may require plaintiff to seek default judgment as to all properly served defendants.

Alternatively, if plaintiff concedes he does not have personal jurisdiction over defendants, he shall file a notice of voluntary dismissal.

The Clerk is instructed to terminate the motion. (Doc. #18).

Dated: January 13, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge