```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARIO GIRON,                                      :
                    Plaintiff,                    :
                                                  :       ORDER OF DISMISSAL
v.                                                :
                                                  :       19 CV 5922 (VB)
AUTO PERFECTION GROUP INC. and                    :
DANIEL MAYA,                                      :
                    Defendants.                   :
--------------------------------------------------------------x
```

On January 6, 2020, plaintiff's counsel, Abdul K. Hassan, Esq., filed a "Motion for Settlement Approval, etc." in this FLSA case. (Doc. #18). On January 13, 2020, the Court denied the motion without prejudice. (Doc. #19). The Court further ordered Mr. Hassan by January 21, 2020, to file either a letter explaining the Court's basis for personal jurisdiction over defendants or, in the event plaintiff conceded the Court did not have personal jurisdiction over defendants, file a notice of voluntary dismissal.

Instead, Mr. Hassan filed two documents: a notice of voluntary discontinuance without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) (Doc. #21) and a letter that does not assert any basis for personal jurisdiction over defendants. (Doc. #20).

Mr. Hassan makes several problematic assertions in his letter. First, Mr. Hassan states, "it is not clear whether the Court is stating that it cannot have personal jurisdiction over a corporation located in New Jersey and the Court does not cite any authority for this proposition." (Doc. #20). Mr. Hassan misstates the Court's Order. At no point did the Court say it cannot have personal jurisdiction over a corporation located in New Jersey.

Second, Mr. Hassan implies the Court should have accepted "Defendants' answer" because (i) "[a] review of the docket sheet would also reveal that individual defendant Maya is listed as representing himself Pro Se" and (ii) "it appears to be stamped by the SDNY Pro Se Office on October 15, 2019 at 1:33 p.m." (Doc. #20). Mr. Hassan's first contention is incorrect: the docket sheet's listing of defendant Maya as pro se has no binding effect on this Court. Regarding Mr. Hassan's second contention, there appears to be two stamps on plaintiff's purported answer: a notary stamp in the bottom-left corner, and a nearly illegible faded stamp in the top-right corner, of which the only legible text reads: "2019 OCT 15 PM 1:33." (Doc. #10-1). There is no indication, from the stamps or otherwise, that the Pro Se Office received that document. Moreover, if the Pro Se Office had received the document, it would have been filed on the docket as a standalone document, not as an exhibit to plaintiff's letter.

In addition, even if defendant Maya's purported answer had been properly filed, Maya, a non-attorney, is not permitted to represent defendant Auto Perfection Group Inc., as the Court stated in a previous order in this case. (Doc. #11).

1

Third, Mr. Hassan questions the Court's decision not to "inquire[] of Mr. Bronsnick or require[] him to file a notice of appearance even though the Court's December 23, 2019 order directed all parties to submit to Cheeks approval." (Doc. #20). Mr. Hassan also states, "Mr. Bronsnick and Defendants also never disputed anything said by Plaintiff or his counsel to the Court." (Id.). But Mr. Bronsnick—supposed counsel for defendants—never filed anything or appeared in this case. The only indication Mr. Bronsnick represents defendants, or either of them, is Mr. Hassan's say-so.

And that is the crux of the problem with Mr. Hassan's arguments: he expects the Court to accept his unsworn assertions without any proof that his assertions are valid. For instance, in his "Motion for Settlement Approval, etc.," Mr. Hassan asked the Court to find Mr. Bronsnick reneged on a settlement agreement by including in the body of his letter quotations from supposed emails between Mr. Hassan and Mr. Bronsnick. (Doc. #18). But Mr. Hassan never provided copies of the actual emails to the Court, even after the Court pointed out this deficiency in its January 13 Order (Doc. #19).

The same is true as to other contentions in Mr. Hassan's letter. Mr. Hassan states: "[E]ven though defendant Maya was not formally served, he did receive the summons and complaint, answered the complaint and never asserted lack of personal jurisdiction as a defense." (Doc. #20). But there is no proof Maya received the summons and complaint except for the document that Mr. Hassan attached to his own letter and called an answer. (Doc. #10-1). In addition, Mr. Hassan admits in his January 21 letter (Doc. #20) that he never formally served defendant Maya, despite stating in a previous letter to the Court that "Defendants were served." (Doc. #10).

Finally, although Mr. Hassan states, "[p]laintiff is not discontinuing the case because of any lack of personal jurisdiction by the Court over Defendants" (Doc. #20), Mr. Hassan has not assured the Court it has personal jurisdiction over defendants, even after the Court gave Mr. Hassan an opportunity to do so. As the Court previously ordered, for this case to proceed, plaintiff would need to seek default judgment against defendants, as defendants have not appeared in this case. And "[b]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 133 (2d Cir. 2011).

Mr. Hassan has not answered the questions raised by the discrepancies in his own filings, which the Court recounted in detail in its January 13 Order. (Doc. #19). Mr. Hassan states the Court "[r]evealed that it did its own research" as to the location of Auto Perfection Group Inc. (Doc. #22), but that misses the point of the Court's Order: Mr. Hassan's own filings indicate defendants Maya and Auto Perfection Group Inc. are located in New Jersey, yet provide no basis for exerting personal jurisdiction over them.

Notwithstanding the foregoing, given that plaintiff is seeking to voluntarily dismiss this action without prejudice pursuant to Rule 41(a)(1)(A)(i) and there are no outstanding issues that

2

need to be resolved, the Court accepts Mr. Hassan's notice of voluntary discontinuance. (Doc. #21).

The Clerk is directed to close this case.

Dated: January 22, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge